THE ENTERPRISE CARRIAGE MANUFACTURING COMPANY v. N. A. CRUZAN.

No. 12,357.   (65 Pac. 647.)

SYLLABUS BY THE COURT.

CONTRACT—*Construction Aided by Conduct of Parties.* Where it appears to be doubtful, from the language of a written agreement, whether it was the duty of the owner or consignee to insure goods shipped to and received by the latter, the conduct of the parties acting under the contract is to be considered in aid of its construction.

Error from Montgomery district court; A. H. SKIDMORE, judge. Opinion filed July 6, 1901. Division two. Reversed.

*J. B. & W. E. Ziegler*, for plaintiff in error.

*Albert L. Wilson*, for defendant in error.

The opinion of the court was delivered by

Smith, J. : This was an action for breach of contract. The Enterprise Carriage Manufacturing Company, a corporation having its place of business in Miamisburg, Ohio, made a written agreement in which it contracted to furnish N. A. Cruzan carriages and buggies to be sold exclusively by him on commission in the state of Illinois. That part of the contract relevant to this case reads :

"It is also agreed by the Enterprise Carriage Manu facturing Company that they will carry during the season, at the warehouse of N. A. Cruzan, at Decatur, Ill., sufficient amount of goods to supply quick orders furnished by said N. A. Cruzan, and said goods to be stored by said N. A. Cruzan free of charge, *and insured at his expense.*"

A fire occurred on April 12, 1896, during the life of the contract, and goods shipped by the carriage company to Cruzan, stored in his warehouse at Decatur, Ill., were destroyed. At the time of the loss, defendant in error had insured the property consigned to him, together with some material and stock for a shoveling board and some office fixtures of his own, in the amount of $1000, and paid the premium therefor, taking the policy in his own name. After the loss the insurance company was found to be insolvent, and $550 only was collected from it. This sum, less $100 for attorney's fees, was remitted by defendant in error to the carriage company. There was evidence to show that Cruzan had on hand, at the time of the fire, goods of about the value of $2178,

received by him from plaintiff in error. The court below sustained a demurrer to the evidence, and the carriage company is here complaining.

Counsel for defendant in error contends that the contract is ambiguous and void for uncertainty, and further avers in the answer that the words in the contract "insured at his expense" did not require Cruzan to obtain the insurance, but clearly required the carriage company to do so and charge the expense to defendant below. We do not agree with counsel in this construction. The plaintiff below had its place of business in Ohio. The goods were shipped by it to Cruzan, and stored by him in his warehouse at Decatur, Ill. The more reasonable interpretation of the agreement would be that the goods were to be insured by their possessor at the place where situated. Rates of insurance are generally regulated by local considerations, and the proximity of property insured to buildings more or less combustible seriously affects the amount of premiums charged. It would be out of the usual custom for the carriage company to procure insurance in Ohio on property in Illinois, although it might be done in that exceptional way. The defendant below was in possession of the property, holding it for sale, with expectant profits to be derived by him therefrom, making it more reasonable that he, and not the carriage company, was bound by the contract to procure the insurance.

Again, Cruzan did take out a policy of $1000 on the property at his own expense, thus placing an interpretation on the terms of the agreement at variance with his contention here. Acts of the parties tending to show a construction put upon a contract by themselves may be considered when the meaning is doubtful. For a collection of cases on this question

of interpretation, see the Century Digest, volume 11, pages 755, 756.

It is insisted by counsel for defendant in error that the proof was insufficient to show that, at the time of the fire, the latter had on hand goods to a greater value than the amount of the $1000 insurance policy. We think that the plaintiff below showed *prima facie* that Cruzan had in his possession carriages and buggies to the amount of $2178. The written statement of Cruzan, made in December, 1895, showed that at that time there were in his possession goods received of the carriage company to the amount of $1134, and that there was an additional shipment in December, 1895, to the amount of $1044. It having been established that this last consignment was shipped to the defendant below, it must be presumed that he received the same and had the goods on hand at the time of the fire, unless there was proof to the contrary. Cruzan never made any report to the plaintiff below that he had made disposition of any of the goods mentioned.

In view of another trial, it is proper to say that if the defendant below did not know, or did not have good reason to know, that the insurance company was insolvent at the time he placed insurance on the goods of the carriage company, together with property of his own, to the amount of $1000, the carriage company should give him credit for the full amount of the policy, less a proportionate amount due him for his individual loss.

The judgment of the court below is reversed and a new trial granted.

CUNNINGHAM, ELLIS, JJ., concurring.